IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Criminal No. 05-0356 (RMU) |
| EDGAR B. FIELDS ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO SUPPRESS EVIDENCE AND STATEMENTS,
INCORPORATED MEMORANDUM IN SUPPORT THEREOF
AND REQUEST FOR EVIDENTIARY HEARING**

Defendant, Edgar Fields, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial the physical evidence seized by law enforcement agents as the fruit of an illegal stop, search, arrest, and interrogation. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

**STATEMENT OF FACTS[1]**

Mr. Fields is charged with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

According to the United States Park Police Arrest Report (or "10-344(B)" form) filed in this case, on Saturday, August 13, 2005, Officer Monique Pettet, of the United States Park Police, was conducting a selective enforcement operation in the area near Oxon Run Park near

---

[1] This statement of the facts is a summary based on the U.S. Park Police form 10-344B police report and the Rule 16 statements the government indicates Mr. Fields made in its discovery response. By including in this motion the facts as alleged by government witnesses, Mr. Fields does not in any way concede that these facts are accurate or true.

the area of Mississippi Ave. and 13th St. S.E. At about 10:36 p.m., Officer Pettet observed Mr. Fields driving a brown and white GMC blazer without a front license plate; she then activated her emergency equipment and conducted a traffic stop.

Officer Pettet ran a check on the rear licence plate (D.C. plate #CE 5451) which revealed that the Blazer's registration was "clear and valid." After confirming the Blazer's tags were valid, Officer Pettit allegedly asked Mr. Fields–the driver of the Blazer–for his driver's permit and vehicle registration. Mr. Fields stated that he didn't have the registration and that it was his father's vehicle. Officer Pettet then ordered Mr. Fields to shut off the vehicle and remove the keys from the ignition; Mr. Fields complied and exited the vehicle. Officer Pettet then ran a check on Mr. Fields' permit status, which revealed that Mr. Fields did not have a permit to operate a motor vehicle. Mr. Fields was placed under arrest for driving without a permit. A search following the arrest allegedly revealed a firearm in the locked glove compartment of the vehicle.

Once at the police station--but before the police had administered Mr. Fields his Miranda warnings--Mr. Fields allegedly made statements to the police concerning his uncle's ownership of the firearm. The police allege that Mr. Fields also stated that he "might have" touched the firearm and that he should not have done so.

## ARGUMENT

I.  **THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS THE TAINTED FRUIT OF AN ILLEGAL VEHICLE SEARCH.**

Warrantless searches are presumptively illegal. See Katz v. United States, 389 U.S. 347 (1967). Once it is established that a warrantless search occurred, the burden is on the government to establish by a preponderance of the evidence that their conduct was within one of

the recognized exceptions to the warrant requirement and was reasonable.  See United States v. Jeffers, 342 U.S. 48, 51 (1951); United States v. Whitten, 706 U.S. F2d 1000, 1016 (9th Cir. 1983).

Searches which extend to an area that was not possibly within the arrestee's control at the time of arrest are prohibited by the Fourth Amendment.  See, e.g., United States v. Strahan, 984 F.2d 155, 159 (6th Cir. 1993) (where defendant was arrested 30 feet away from his car, the passenger compartment was not within his immediate control at the time of arrest and was illegally searched).

In the case at hand, the search of the locked glove compartment was conducted after Mr. Fields had been placed under arrest and handcuffed outside of the vehicle.  The government will not be able to prove that the search of the vehicle–and, specifically, of the locked glove compartment–was conducted reasonably or pursuant to a valid exception to the warrant requirement.

**II.     ALL STATEMENTS MADE BY MR. FIELDS MUST BE SUPPRESSED BECAUSE THEY WERE MADE INVOLUNTARILY AND IN VIOLATION OF MIRANDA.**

A.     Mr. Fields's Statements were Involuntary

The government has alleged that Mr. Fields made a statement or statements to park police officers following his arrest.  Before introducing those statements at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statements were voluntary.  See Lego v. Twomey, 404 U.S. 477 (1972).  The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker."  Culombe v. Connecticut, 367 U.S. 568, 602 (1961).  The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances

of the interrogation." Mincey v. Arizona, 437 U.S. 385, 402 (1978). The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957; see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear Mr. Fields's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607. The Court must examine Mr. Fields's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980). Here, the evidence at a hearing will show that any statements made by Mr. Fields were made involuntarily and thus must be suppressed under the Fifth Amendment.

B. Mr. Fields's Statements Were Taken in Violation of Miranda

Even if the statements were made voluntarily, Miranda requires suppression of Mr. Fields's statements during the government's case-in-chief because Mr. Fields was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part

of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

In this case, Mr. Fields's statements were given prior to the administration of Miranda rights. The government must therefore establish that those statements were not the product of custodial interrogation. Failing such a showing, the statements must be suppressed.

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Fields requests that the Court suppress any evidence obtained by the officers as a result of his illegal arrest and of the following illegal search, including any alleged statements made by Mr. Fields. Mr. Fields respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____

Jonathan Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　**Plaintiff,** )<br>**v.** )<br>　　　　　　　　　　　　　　　　　)　**Criminal No. 05-0356 (RMU)**<br>**EDGAR B. FIELDS** )<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　**Defendant.** )<br>_____) | |

**ORDER**

Upon consideration of defendant's motion to suppress physical evidence and statements, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; it is further

**ORDERED** that all evidence and statements obtained in the above-captioned case on August 13, 2005 are **SUPPRESSED**.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　THE HONORABLE RICARDO M. URBINA
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

DATE: