UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Crim. No. 05-356 (RMU) |
| | ) | Crim. No. 05-357 (RMU) |
| EDGAR B. FIELDS, et al., | ) | |
| Defendant. | ) | |

### DEFENDANT EDGAR FIELDS' MOTION
### TO RECONSIDER DEFENDANT'S NO-BOND STATUS

Mr. Edgar Fields , the defendant, through undersigned counsel, respectfully submits this Motion to Reconsider Defendant's No-Bond Status.  For the reasons stated below, the defense respectfully requests that the Court re-consider Mr. Fields' no-bond status and release Mr. Fields into the High Intensity Supervision Program ("HISP").

In support of this motion, undersigned counsel submits:

1.  Mr. Fields has two cases pending before the Court.  In the first case (05-356), Mr. Fields is charged with possession of a firearm by a person convicted of an offense punishable by more than one year, in violation of 18 U.S.C. § 922(g).  In the second case (05-357), Mr. Fields is charged with three counts of unlawful distribution of a detectable amount of cocaine base.  The overall quantity involved in case 05-357 is very small for case brought in district court (less than 3 grams total).

2.  After his arraignment before this Court on September 29, 2005, Mr. Fields was released on his personal recognizance.  Following his release, Mr. Fields tested positive for the new use of marijuana on two occasions--October 3rd and 31st, 2005.  Mr. Fields has not tested

positive for any drug other than marijuana.

    3.    On November 10, 2005, the Court held a status in this case. At that time, the Court was very clear with Mr. Fields that no further positive drug tests would be tolerated. The Court also was clear that Mr. Fields must obtain employment and abide by all of the other conditions of his release.

    4.    Between the time of the November 10 status and the December 19 status at which Mr. Fields was stepped back, Mr. Fields drug tested on eleven (11) occasions.[1] He suffered no positive drug tests. Mr. Fields also obtained employment in November with a painting and dry-walling company (his employment was verified by Pretrial Services on November 10, 2005). While maintaining employment and abstaining from drugs, on the one hand, Mr. Fields did also fail to attend a number of drug treatment classes in the New Directions program.

    5.    Based on counsel's discussions with Mr. Fields, it is apparent that Mr. Fields is under significant pressure for a man of his age (26 years old). Mr. Fields' family, including his mother and siblings, rely on him as the head of the household, as Mr. Fields' parents are separated and his father lives apart from the rest of the family. It is also clear that Mr. Fields has strived to deliver for his family in this role by taking the Court's words at the November 11, 2005 status very seriously. Mr. Fields refrained completely from drug use on his own for all of November and December, suffering no relapses. See Ex. 1 (drug status report). Respectfully, Mr. Fields drug-testing record strongly suggests that Mr. Fields may not need to utilize the resources of the New Directions Program. Mr. Fields does now understand, however, that were

---

[1] Mr. Fields did not report for testing on two occasions during that time period (11/21 and 12/15). With respect to the latter missed test, Mr. Fields contacted Pretrial Services promptly to schedule a new test.

he to be released with a condition that he attend the program, he must attend with 100% compliance.

      6.      Based on the foregoing, Mr. Fields respectfully requests that the Court reconsider his no-bond status. Mr. Fields does deserve credit for making a genuine–and successful–effort at abstaining form illegal drugs and obtaining employment. Furthermore, after over month at D.C. Jail, Mr. Fields fully understands the need for 100% compliance with all his conditions of release.

      **WHEREFORE**, for the foregoing reasons, Mr. Fields respectfully moves this Honorable Court to release Mr. Fields pending trial under any conditions deemed appropriate by the Court and Pretrial Services, up to and including the HISP. Mr. Fields also requests a hearing on this matter.

      Respectfully submitted,

      /S/
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20001
(202) 208-7500